Milligan, J.,
delivered the opinion of the Court.
This is an application, by petition, to set aside a decree heretofore pronounced, in the Circuit Court of Bedford County, dissolving the bonds of matrimony between petitioner, Sarah S. Owens, and her husband, B. C. Owens, who was, at the time of filing this petition, dead.
The application is, certainly, in'this class of cases, a peculiar one; and, from the total absence of authorities produced in argument to sustain it, we take it as prima facie, at least, that it is as unique as it is peculiar.
The petition shows that B. C. Owens, in his lifetime, filed his bill in the Circuit Court of Bedford, on the 29th of October, 1861, for a divorce, alleging *546 the willful and malicious absence of his wife, for more than two years previous to the time of filing his hill; and that she refused to remove with him from the State of Alabama into the State of Tennessee, without any justifiable cause. No process was served on the wife; but she appears to have been made a party, and brought in by publication, under the forms of the Statute.
At the December Term of the Court, 1861, the cause was heard, and a decree pronounced, dissolving the bonds of matrimony between the parties. Shortly afterwards, the husband died, leaving several children surviving him. Prior to his death, he made and published his last Will and testament, in which the defendant, E. H. Sims, was appointed his executor, who has since qualified, and taken upon himself the execution of the Will. After the death of the husband, and the qualification of the executor, in July, 1862, the wife filed this petition, denying the allegations in the bill for a divorce, and alleging that she was not served with a process, or otherwise, in fact, had notice of its existence. The executor, with all the children and devisees under the Will, were made parties defendant, and regularly brought before the Court by service of subpcena, with a copy of the petition.
The dfendants appeared and demurred to the petition, which was overruled by the Court; and, on motion, the decree dissolving the bonds of matrimony, heretofore existing between the petitioner and her husband, B. C. Owens, was set aside, and for nothing held; and the petitioner permitted to make defense *547 against tlie bill for divorce. Immediately after tbis order of tbe Circuit Judge was entered, the petitioner, by her solicitor, suggested the death of her husband, B. C. Owens, which was admitted of record; and thereupon the defendants, by their solicitors, moved the Court to revive the cause in their names, which was disallowed; and an appeal in error prosecuted to this Court.
The Code, in prescribing the rules of practice in a Court of Chancery, in cases in which the bill may be taken as confessed, declares, (sec. 4376,) that, “A non-resident defendant, or one whose place of residence ^ unknown, and who is not served with process, may appear and defend, at any time, before final decree of cause.” And in section 4377: “All other persons, as to whom personal service is dispensed with under the provisions, as of sections 4352-4359, shall show merits in order to entitle them to appear and defend after judgment by default.” Section 4352, provides that personal service of process is dispensed with in the following cases: 1st, When the defendant is a nonresident of the State; 2nd, When, upon inquiry at his usual place of abode, he cannot be found, so as to be served with process, or there is just ground to believe he is gone beyond the limits of the State; 3rd, When the Sheriff shall make return upon any leading process, that “he is not to be found;” 4th, When the name of the defendant is unknown, and cannot be ascertained upon diligent inquiry; 5th, When the residence of the defendant is unknown, and cannot' be ascertained upon diligent inquiry; 6th, When judicial and other attach *548 ments will lie, under the provisions of this Code, against the property of the defendant.
The class of defendants embraced in sec. 4352, in order to entitle them to appear and defend after judgment pro confesso, must all show merits, except nonresidents, and those whose place of residence is unknown. They may, as of course, without cause shown, appear and defend at any time before final decree.
Section 4378, declares that cases in Chancery, brought by attachment of property, under chap. 10, title 2, of this part of the Code, are governed, in this respect, as to the effect of the decree pro confesso, by the provisions of sections 3529-3534, and section 4379, that: “In all other cases, a decree against a defendant without personal service of process, who does not attest, is not absolute for three years from the decree, unless a copy of the decree is served upon the defendant; in which case it becomes absolute, if the defendant fails to come forward and make defense within six months after service.
Under this section, it is insisted that this application may be maintained; and that a decree dissolving the bonds of matrimony, without personal service of process, is not final or absolute until after the expiration of three years from the date of its rendition, or six months from the time of service of a copy of the decree upon the defendant.
We cannot concur in this construction of the Statute. It has no application to cases of divorce, as is strikingly illustrated in the case now under consideration. The complainant is dead, and according to the *549 principles of the case of Addie Swan vs. H. H. Harrison and K. J. Morris, Ex’rs of Jos. M. Swan, dec’d, decided at the last Term, at this place, this cause cannot he revived. The Circuit Judge admitted the defendant, after final decree and the death of the complainant, to appear and defend. Defend what? Surely not a suit for a divorce, for that had abated and passed beyond the limits of revivor. The Circuit Judge so decided, and we think correctly; and yet, on the ex parte statement of the defendant, he set aside the decree dissolving the bonds of matrimony, solemnly pronounced upon the evidence; for it could, under the Statute, have been predicated upon nothing else; and admitted the wife to appear and defend, in a case no’t in existence, nor which could, by revivor, be brought to life again.
The legal consequence of such a construction of the Statute, will lead to results so anomalous and absurd, that it is clear the Legislature never intended it to be applied to divorce cases. They rest, in our State, upon the peculiar provisions of the Statutes enacted for their government; and the construction of this section of the Code contended for, is at war with the spirit, if not the letter, of the Statutes of divorce in Tennessee.
A decree annulling the bonds of matrimony, is absolute; and, if pronounced upon the application of the husband, cuts off the defendant’s right of dower in the complainant’s real estate, and disqualifies her, in cases of intestacy, from all participation in his personal estate, and from alimony: Code, sec. 2473. And by sec. 2475, “Either party, in cases of an absolute dissolution of the *550 bonds of matrimony, is at liberty to marry again.” No time is limited, within which these results shall follow; nor is there any rights reserved, in any case, in which the bonds of matrimony is unconditionally dissolved, to either party to open the decree or set it aside.
The Statute declares, section 2465: “The Court may pronounce the marriage null and void from the beginning, or dissolve it forever, and free each party from its obligations.”
A writ of error, or bill of review, will not lie to correct errors in a decree for a divorce: Code, sec. 3158. It can only be by the positive declaration of the Statute, reversed by an appeal. “This,” as it is declared by this Court in the case of Parmenter vs. Parmenter, 3 Head, 225, “is a proper and necessary provision, intentionally adopted. Much mischief might be produced, if either party, in cases where the bonds of matrimony had been dissolved, were permitted, at any time within two years after the divorce, to obtain a reversal of the decree, after seeming acquiescence for a time, by declining to appeal, and possibly after the party had again married.”
The mischief intended to be prevented by the Statute, confining the revision of decrees in divorce cases alone to appeals, would, by the adoption of the construction contended for', be totally defeated, and the whole policy of the law of revivor, in such cases, set at naught. The law itself, instead of being a shield and protection, would, after final decree, become a snare, to involve the unsuspecting and unfortunate in difficulties and crime.' Such was not the intention of the Legisla *551 ture, or tbe policy of the law. All litigation must cease, and especially ought these unhappy contests between husband and wife, which always involve their innocent offsprings, and often the community in which they occur, to have an end.
From this view of the case, it follows, that the Circuit Judge erred in overruling the demurrer, and setting-aside the decree of the Court.
The judgment will be reversed, and the application dismissed.